# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TAMIKIA C. WILLIAMS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00260-N |
| | ) | |
| NANCY A. BERRYHILL, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamikia C. Williams brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. Upon consideration of the parties' briefs (Docs. 13, 14) and those portions of the administrative record (Doc. 12) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held January 3, 2018, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[1]

### I. *Background*

On June 5, 2014, Williams filed an application for SSI with the Social Security Administration ("SSA"), alleging disability beginning December 1, 2013.[2] After her

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 18, 19).

[2] "For SSI claims, a claimant becomes eligible in the first month where she is both

application was initially denied, Williams requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review; the hearing was held on December 15, 2015. On February 3, 2016, the ALJ issued an unfavorable decision on Williams's application, finding her not entitled to benefits. (*See* R. 11 – 25). The Commissioner's decision on Williams's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied Williams's request for review of the ALJ's decision on April 28, 2017. (R. 1 – 5). Williams subsequently filed this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* (Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the

---

disabled and has an SSI application on file." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 20 C.F.R. § 416.202–03 (2005)).

Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a    conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))).  However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' "  *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))).  "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons.  [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted).  *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us.  Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3]  "In determining whether substantial evidence exists, [a court] must…tak[e]

---

[3] Nevertheless, " '[t]here is no burden upon the district court to distill every potential

into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the

---

argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for…SSI requires that the claimant be disabled. 42 U.S.C. §…1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §…1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per

curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[5] The undersigned will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to

the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III.     *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Williams had not engaged in substantial gainful activity since her SSI application date, June 5, 2014. (R. 16). At Step Two, the ALJ determined that Williams had the "severe impairment" of osteoarthritis. (R. 16 – 21). At Step Three, the ALJ found that Williams did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 21).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Williams had the RFC "to perform medium work as defined in 20 CFR 416.967(c)[,[6]] except she can only occasionally balance, stoop, kneel, crouch, crawl and climb ladders, ropes, scaffolds, ramps, and stairs. She has no manipulative limitations, but should avoid workplace hazardous dangerous machinery and heights." (R. 21 – 23).

Based on this RFC and the testimony of a vocational expert, the ALJ determined that Williams was able to perform past relevant work as a housekeeper. (R. 23 – 24). Nevertheless, the ALJ also noted "it is unclear whether this work is properly identified as past relevant work" and proceeded in the alternative to make a Step Five determination. (R. 24). Based on additional testimony from the vocational expert, the ALJ found that there exist a significant number of jobs in the national economy that Williams could perform given her RFC, age, education, and work experience. (R. 24 – 25). Thus, the ALJ found that Williams was not disabled under the Social Security Act. (R. 48).

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. § 416.967.

## IV. *Analysis*

Ostensibly, Williams's sole claim is that the ALJ reversibly erred "in failing to find [Williams]'s major depressive disorder and bipolar disorder to be severe impairments[,]" suggesting error only at Step Two. (Doc. 13 at 2. *See also id.* at 9 ("In failing to find the Plaintiff's impairments of major depressive disorder and bipolar disorder to be severe, the [ALJ] reversibly erred.")). However, Williams's substantive argument appears to assert that this failure tainted the ALJ's findings at subsequent steps of the sequential analysis. The Commissioner's brief has assumed this to be the case, framing Williams's claim as "[w]hether substantial evidence supports the ALJ's assessment of Plaintiff's mental impairments[.]" (Doc. 14 at 1). The undersigned will do the same.

As for the failure to find major depressive disorder and bipolar disorder to be additional severe impairments at Step Two, any resulting error was harmless under established Eleventh Circuit precedent. "At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In other words, "step two requires only a finding of 'at least one' severe impairment to continue on to the later steps." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam) (unpublished) (citing *Jamison,* 814 F.2d at 588). "Here, the ALJ found [one] severe impairment[] and accordingly proceeded to step three

of the evaluation. Based on [Eleventh Circuit] precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two. Accordingly, even assuming that [Williams] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below." *Id.*[7]

At Step Three, the ALJ stated that Williams "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

---

[7] *See also Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 513-14 (11th Cir. 2017) (per curiam) (unpublished) ("If the ALJ finds any severe impairment, she must proceed to the third step of the analysis. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)… In this case, any step two error the ALJ may have committed by failing to explicitly mention Vangile's chronic mastoiditis was harmless because she found two other severe impairments and proceeded to step three in any event."); *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914–15 (11th Cir. 2014) (per curiam) (unpublished) ("Although the ALJ found that Mr. Freeman's back pain was not a severe impairment, the record demonstrates that she considered and discussed these symptoms at subsequent steps of the sequential analysis. Accordingly, any error in failing to find that Mr. Freeman's lower back pain was severe was harmless because the symptoms were nonetheless considered in the subsequent steps of the ALJ's analysis."); *Tuggerson-Brown*, 572 F. App'x at 951-52 ("While the ALJ did not need to determine whether every alleged impairment was 'severe,' he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation. Despite Tuggerson–Brown's arguments to the contrary, it is apparent from the face of the ALJ's decision and the RFC report relied upon by the ALJ that the ALJ did, in fact, consider all medical evidence in combination in concluding that Tuggerson–Brown was not disabled. In performing his analysis, the ALJ stated that he evaluated whether Tuggerson–Brown had an 'impairment or combination of impairments' that met a listing and that he considered 'all symptoms' in determining her RFC. Under our precedent, those statements are enough to demonstrate that the ALJ considered all necessary evidence. *See Wilson*[ *v. Barnhart*]*,* 284 F.3d [1219,] 1224–25[ (11th Cir. 2002) (per curiam)]. The ALJ went beyond those statements in his analysis, specifically discussing evidence of Tuggerson–Brown's depression, diabetes, leg, neck, and back pain, and mild degenerative disc disease. The RFC report likewise addressed many of the same symptoms. Accordingly, the record sufficiently demonstrates that the ALJ properly considered all of Tuggerson–Brown's impairments, even those not specifically found to be severe, in reaching a conclusion that she was not disabled. Tuggerson–Brown does not specifically challenge or assert that the ALJ's ultimate conclusion was not based on substantial evidence in some other regard, and therefore we affirm the denial of disability benefits.").

listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (R. 21). The Eleventh Circuit has repeatedly held that similar statements, though conclusory, are sufficient to indicate the ALJ conducted the requisite Step Three analysis,[8] and Williams does not argue otherwise. Accordingly, the undersigned finds no error at Step Three.

Moving to Step Four, the undersigned first observes that the ALJ's opinion is somewhat oddly structured, in that all specific discussion of the record evidence related to Williams's mental impairments, including medical opinions, occurs in the section devoted to the Step Two "severe impairments" determination, while the section devoted to the Step Four RFC determination solely discusses the evidence related to her physical impairments. *Compare* (R. 16 – 21 [Findings of Fact and Conclusions of Law, Section 2]) *with* (R. 21 – 23 [Findings of Fact and Conclusions of Law, Section 4]). However, Williams does not advance any argument claiming error on this basis, and the substance of the Step Two section of the opinion shows that the mental impairment evidence of record was also considered in the Step Four analysis.[9]

---

[8] *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (per curiam); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (per curiam); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (per curiam); *Vangile*, 695 F. App'x at 513-14.

[9] *See* (R. 19 ("[T]he medical evidence of record as a whole shows a significant improvement in the claimant's angry outbursts and mood when she is compliant with her medications. Therefore, the record as a whole suggests that the claimant's mood and anger problems are well controlled through conservative treatment with medication management. Accordingly, she does not require any limitations in these areas of functioning. Otherwise, the claimant reported full activities of daily living and showed no major difficulties with focus, attention, concentration, or memory on mental status examination. Therefore, she should be able to perform both simple and more complex tasks…Although the medical evidence of record as a whole does not suggest that the claimant's history of major depression warrants any mental residual functional

Williams raises two points in arguing that the ALJ's RFC should have included greater mental limitations to account for her major depressive disorder and bipolar disorder. First, she asserts the record does not support the ALJ's determination that her mental condition is generally stable when she is compliant with her medications.[10] This is because, she claims, although Williams's treatment notes only reveal four occasions of medication non-compliance, she "was repeatedly noted as having problems with her major depressive disorder[, h]er progress towards her goals was noted as being minimal to moderate and would change monthly even while on medication[, and she] is repeatedly noted as endorsing depressive symptoms and having problems controlling her anger." (Doc. 13 at 7).

After setting forth a detailed summary of the record mental health evidence (*see* R. 16 – 19), the ALJ found as follows:

> The record as a whole does not indicate that the claimant's depression affected her ability to engage in basic work throughout the relevant period in this case. After initiating treatment for depression in August 2013, she reported a significant decrease in the frequency of her angry outbursts with medication by October 2013. Furthermore, at the time, she presented as alert and polite and even joked with her clinician. By the time of her February 2014 consultative examination with Dr. Starkey, she presented with a euthymic mood and showed no major difficulties on mental status examination. Although subsequent records show some increase of her symptoms, these reports typically corresponded with

---

capacity limitations, the undersigned notes that the representative occupations provided by the vocational expert at step five are all unskilled. Therefore, even if the claimant showed some difficulty with more complex instructions, as suggested by Dr. Starkey, she should be capable of performing the jobs provided…The record as a whole does not indicate that the claimant's depression affected her ability to engage in basic work activity through the relevant period in this case.")).

[10] "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (quotation omitted).

medication non-compliance, and the record typically showed her doing well when taking her medications as prescribed. Specifically, in October 2014, she showed an improvement in her behavior with Celexa, and despite a significant gap in treatment, she continued to feel "happy" and go out more in February 2015. Furthermore, following her most recent October 2015 medication management review with Dr. Tageldin, she reported doing much better. Because the claimant's mental condition is stable and well controlled when she is compliant with her medication regimen, the undersigned finds this condition to be non-severe.

(R. 19 – 20).

Having compared the ALJ's summary of the mental health records with Williams's own summary provided in her brief, *compare* (R. 16 – 21) *with* (Doc. 13 at 3 – 8), and her additional record citations made at oral argument, the undersigned finds that the ALJ's opinion reflects a fair consideration of the mental health evidence of record, and that his conclusion that her "mental condition is stable and well controlled when she is compliant with her medication regimen" is rational and supported by substantial evidence. Williams has failed to convince the undersigned that her arguments in this regard amount to anything more than providing an alternative to the ALJ's interpretation of the evidence. Because the ALJ provided a rational interpretation of the evidence, the Court must defer to that interpretation, even if the record evidence may also be susceptible to Williams's interpretation. *See Winschel*, 631 F.3d at 1178 (courts "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner" (quotation omitted)); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner."). To the extent Williams points to evidence that cuts against the ALJ's decision (*see* Doc. 13 at 3 – 7), she has failed to convince the undersigned that the decision is not at least supported by substantial evidence. *See Ingram*, 496 F.3d at 1260 ("Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence." (quotation omitted)).

Williams also claims that the medical opinions of Drs. Starkey and Duke warranted greater mental limitations than those reflected in the RFC. However, the ALJ assigned both of those opinions "little weight" and articulated specific reasons for doing so (*see* R. 19), in compliance with this Circuit's precedent. *See Winschel*, 631 F.3d at 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."). Because neither Dr. Starkey (a one-time consultative examiner) nor Dr. Duke (a non-examiner) was a treating physician for Williams, the ALJ was not required to afford special deference to their opinions. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam). As noted above, Williams has failed to show error in the ALJ's determination that her mental condition is generally controlled by medication, and she does not address the ALJ's other stated reasons for rejecting those opinions. Thus, Williams has not shown reversible error at Step Four.

Finally, because Williams has failed to show the ALJ erred in finding that her major depressive disorder and bipolar disorder did not significantly impact her ability to work, she has also failed to show the ALJ erred by omitting those impairments from his hypotheticals to the vocational expert at Steps Four and Five. Generally, in "order

for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (quotation omitted). However, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161.

Accordingly, the Court **OVERRULES** Williams's claims of reversible error and finds that the Commissioner's final decision denying her benefits is due to be **AFFIRMED**.

## V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued April 28, 2017, denying Williams's application for SSI is **AFFIRMED** under 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 28th day of February 2018.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**